UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA LEON HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>BLACK & VEATCH CONSTRUCTION, INC., et al.,<br><br>Defendants. | Lead Case No.:  25-cv-02241-AJB-SBC<br><br>Consolidated with:<br>Case No.:  26-cv-01070-AJB-SBC<br><br>**ORDER DENYING MOTIONS TO REMAND**<br><br>(25-cv-02241 Doc. No. 9;<br> 26-cv-01070 Doc. No. 11) |

Before the Court are Plaintiff Ursula Leon Hernandez's ("Leon Hernandez") motions to remand in Case Nos. 25-cv-02241-AJB-SBC and 26-cv-01070-AJB-SBC. (25-cv-02241 Doc. No. 9; 26-cv-01070 Doc. No. 11.)[1] The motions are fully briefed and submitted. (25-cv-02241 Doc. Nos. 9; 12–14; 26-cv-01070 Doc. Nos. 11; 13–14; 23.)

For the following reasons, the motions are **DENIED**.

---

[1]    Because this Order addresses motions in two separate cases, the Court includes the case number as part of its citations. For example, the Motion to Remand filed in Case No. 25-cv-02241-AJB-SBC at docket number 9 will be cited as "25-cv-02241 Doc. No. 9." Additionally, page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

## I.    BACKGROUND

### A.    Factual Background

Defendants Black & Veatch Corporation and Black & Veatch Construction, Inc., (collectively, "Black & Veatch") employed Leon Hernandez from September 23, 2024, to February 25, 2025. (25-cv-02241 Doc. No. 1-2 ¶ 3.) Black & Veatch paid Leon Hernandez at a rate of $70.16 per hour. (25-cv-02241 Doc. No. 1 ¶ 58.) Other terms of Leon Hernandez's employment were set out in a collective bargaining agreement ("CBA"). (*See* 25-cv-02241 Doc. No. 1-5 at 3–45.)[2]

### B.    25-cv-02241 Procedural Background

On July 24, 2025, Leon Hernandez initiated case number 25-cv-02241, the "Putative Class Action," in San Diego County Superior Court. (25-cv-02241 Doc. No. 1-2 at 4.) Leon Hernandez served Black & Veatch five days later. (*Id.* at 61–62.)

On August 28, 2025, Black & Veatch removed the Putative Class Action to this Court. (25-cv-02241 Doc. No. 1.) Black & Veatch contends that the Court has subject matter jurisdiction over the matter because (1) the action is between citizens of different states and the amount in controversy exceeds $75,000; and (2) Leon Hernandez's claims are preempted by federal law. (*Id.* ¶¶ 10–12; 64–65.) Black & Veatch suggests that to the extent any claim is not preempted, the Court may exercise supplemental jurisdiction over such a claim. (*Id.* ¶¶ 77–78.)

---

[2]    Black & Veatch included copies of the CBA with its notices of removal. (25-cv-02241 Doc. No. 1-5 at 3–45; 26-cv-01070 Doc. No. 1-3 at 108–52.) Federal Rule of Evidence 201(b) allows the Court to take judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court notes the copy filed in 26-cv-01070 is "[e]ffective June 1, 2017 through May 31, 2022." (26-cv-01070 Doc. No. 1-3 at 108.) Because Black & Veatch did not employ Leon Hernandez during this timeframe, the Court will disregard this version of the CBA. There being no dispute as to the 25-cv-02241 CBA's authenticity, the Court finds it appropriate for judicial notice. Moreover, "courts routinely take judicial notice of the governing collective bargaining agreement where necessary to resolve issues of preemption." *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1142 (N.D. Cal. 2019) (alteration omitted).

25-cv-02241-AJB-SBC

On September 26, 2025, Leon Hernandez timely moved to remand the Putative Class Action. (25-cv-02241 Doc. No. 9.)

### C.    26-cv-01070 Procedural Background

On September 16, 2025, Leon Hernandez provided written notice to Black & Veatch and California's Labor and Workforce Development Agency of alleged California Labor Code violations by Black & Veatch. (26-cv-01070 Doc. No. 1-3 at 17–22.)

Leon Hernandez subsequently initiated case number 26-cv-01070, the "PAGA Action," in San Diego County Superior Court on January 6, 2026. (*Id.* at 3.) Leon Hernandez served Black & Veatch 14 days later. (*Id.* at 31–32.)

On February 19, 2026, Black & Veatch removed the PAGA Action to this Court. (26-cv-01070 Doc. No. 1.) Black & Veatch claims the Court has subject matter jurisdiction over the matter because Leon Hernandez's claim contained therein is preempted by federal law. (*Id.* ¶¶ 1–2, 14–40.)

On March 20, 2026, Leon Hernandez timely moved to remand the PAGA Action. (26-cv-01070 Doc. No. 11.)

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). "In general, removal statutes are strictly construed against removal." *Luther v. Countywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* (citation omitted).

3

25-cv-02241-AJB-SBC

## III.   DISCUSSION

### A.   The Court consolidates these actions *sua sponte*.

"If actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). "A district court generally has 'broad' discretion to consolidate actions." *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting *Inv's. Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). "[T]rial courts may consolidate cases *sua sponte*." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2383 at n.37). In determining whether to consolidate cases, courts should weigh "the saving of time and effort consolidation would produce" against "any inconvenience, delay, or expense that it would cause." *Thomas Inv. Partners, Ltd. v. United States*, 444 F. App'x 190, 193 (9th Cir. 2011) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

Consolidation is warranted because the underlying actions involve common questions of fact and law.

First, the parties in the underlying actions are identical. Leon Hernandez initiated the Putative Class Action against Black & Veatch and 50 Doe Defendants. (25-cv-02241 Doc. No. 1-2 at 4.) Leon Hernandez similarly initiated the PAGA Action against Black & Veatch and 50 Doe Defendants. (26-cv-01070 Doc. No. 1-3 at 3.) In fact, Leon Hernandez identifies the parties in each of the underlying actions using identical or near identical descriptions. (*Compare* 25-cv-02241 Doc. No. 1-2 ¶¶ 1–3, 6–7, *with* 26-cv-01070 Doc. No. 1-3 ¶¶ 5–7, 10–11.)

Second, Leon Hernandez relies on near identical facts to bring both actions. Leon Hernandez essentially copies and pastes her allegations regarding the challenged conduct from the Putative Class Action into the PAGA Action. (*Compare, e.g.*, 25-cv-02241 Doc. No. 1-2 ¶¶ 8–14, *with* 26-cv-01070 Doc. No. 1-3 ¶¶ 12–18.)

Third, Leon Hernandez raises similar legal issues in both actions. For example, the Putative Class Action alleges that Black & Veatch violated California Labor Code §§ 201,

202, 203, 226, 226.7, 233, 246, 510, 512, 1194, 1197, 1197.1, and 2802. (25-cv-02241 Doc. No. 1-2 ¶¶ 59–114.) The PAGA Action, meanwhile, raises a PAGA claim for Black & Veatch's alleged "violation of California Labor Code §§ 201, 202, 203, . . . , 226.7, 246, 510, 512, . . . , 1194, 1197, 1197.1, . . . , [and] 2802." (26-cv-01070 Doc. No. 1-3 ¶ 9.)

Given these similarities, Black & Veatch notes that the PAGA Action is "derivative of the [Putative Class Action], and the cases should likely be consolidated." (26-cv-01070 Doc. No. 1 ¶ 12.) Leon Hernandez has also treated these actions as if they are already consolidated. (*See* 25-cv-02241 Doc. No. 24 (filing a single status report in response to 25-cv-02241 Doc. No. 21 and 26-cv-01070 Doc. No. 16).)

Under these circumstances, the Court finds that the judicial efficiency that consolidation provides will likely outweigh any inconvenience, delay, or expense that it would cause. In fact, it is unlikely that the consolidation will cause any inconvenience, delay, or expense as the Putative Class Action and the PAGA Action have been subject to identical scheduling order deadlines. (*Compare* 25-cv-02241 Doc. No. 19, *with* 26-cv-01070 Doc. No. 17.)

Accordingly, the Court *sua sponte* consolidates the Putative Class Action and the PAGA Action. *See Adams Apple*, 829 F.2d at 1487. All future documents must be filed under Lead Case No. 25-cv-02241-AJB-SBC. All subsequent filings must provide the following case number is their captions:

> Lead Case No.:  25-cv-02241-AJB-SBC
> Consolidated with:
> Case No.:  26-cv-01070-AJB-SBC

**B.  The Court will exercise jurisdiction over Leon Hernandez's claims.**

Pursuant to 28 U.S.C. § 1446(a), a defendant removing an action from state court to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal." The grounds for removal may consist of federal question jurisdiction, where a federal court can exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331;

25-cv-02241-AJB-SBC

and/or diversity jurisdiction, where a federal court can exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1). Additionally, a federal court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In removing the underlying actions to federal court, Black & Veatch asserts that the Court possesses federal question jurisdiction over claims in both the Putative Class Action and the PAGA Action. (25-cv-02241 Doc. No. 1 ¶¶ 63–76; 26-cv-01070 Doc. No. 1 ¶¶ 14–40.) In turn, Black & Veatch asks the Court to exercise supplemental jurisdiction over other claims in the Putative Class Action. (25-cv-02241 Doc. No. 1 ¶¶ 77–78; 26-cv-01070 ¶¶ 41–42.) Alternatively, Black & Veatch argues that the Court possesses diversity jurisdiction over the Putative Class Action. (25-cv-02241 Doc. No. 1 ¶¶ 10–62.)

Leon Hernandez disagrees. (25-cv-02241 Doc. No. 9; 26-cv-01070 Doc. No. 11.)

Black & Veatch correctly argues that the Court possesses diversity jurisdiction over the Putative Class Action claims. Given its *sua sponte* consolidation of the actions, the Court exercises supplemental jurisdiction over the PAGA Action claim.

### 1. The Court possesses diversity jurisdiction over Leon Hernandez's Putative Class Action claims.

Leon Hernandez contends that this Court lacks diversity jurisdiction over the Putative Class Action claims because Black & Veatch has "failed to provide sufficient, summary judgment style evidence[] to establish, by a preponderance, that the amount in controversy meets the Court's jurisdictional threshold." (25-cv-02241 Doc. No. 9-1 at 24–32.) In so arguing, Leon Hernandez does not dispute that the complete diversity requirement is satisfied. (*See generally id.*)

Leon Hernandez is incorrect. The preponderance of the evidence shows that the Court possesses diversity jurisdiction over Leon Hernandez's Putative Class Action.

25-cv-02241-AJB-SBC

The party seeking removal bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566–67. To carry this burden, Black & Veatch estimates that the amount in controversy is "at least $221,316.96" based on Leon Hernandez's hourly rate, claims, and awards in similar actions. (25-cv-02241 Doc. No. 1 ¶¶ 20–61.)

As a preliminary matter, Leon Hernandez's complaint regarding the sufficiency of Black & Veatch's evidence in its notice of removal misunderstands when a removing defendant must provide evidence to support removal. To remove an action to state court, a defendant must file a notice of removal "containing a *short and plain statement* of the grounds for removal." 28 U.S.C. § 1446(a) (emphasis added). A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Under these circumstances, Black & Veatch was not obligated to offer evidence to support its allegations regarding the amount in controversy until *after* Leon Hernandez moved to remand the action. *Id.*

Black & Veatch carries this burden.

After a plaintiff challenges a defendant's assertion of federal jurisdiction, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88.

Beginning with Black & Veatch's evidence, Black & Veatch submits a compilation of Leon Hernandez's timesheets from September 23, 2024, to March 2, 2025, to substantiate its analysis of the amount of backpay to which Leon Hernandez may be entitled. (25-cv-02241 Doc. No. 12-2 at 6–7.)[3] Using this evidence and awards in other

---

[3]    Black & Veatch also asks the Court to take judicial notice of a memorandum of points and authorities that Leon Hernandez's counsel filed in a similar case to justify a fee award to provide evidence of the potential attorney fees Leon Hernandez may seek. (25-cv-002241 Doc. No. 12-3 at 6–32.) The Court

25-cv-02241-AJB-SBC

cases, Black & Veatch contends that Leon Hernandez may be entitled to at least $75,722.80 in lost wages (25-cv-02241 Doc. No. 12 at 25–26), over $30,000.00 for alleged emotional distress damages (*id.* at 26–28), more than $55,000.00 for alleged punitive damages (*id.* at 28–29), and in excess of $30,000.00 for attorney fees (*id.* at 29–31).

Leon Hernandez does not offer any evidence to rebut Black & Veatch's. (*See generally* 25-cv-02241 Doc. Nos. 9; 13.)

Leon Hernandez's potential back pay and attorney fees are sufficient to satisfy the amount in controversy. In calculating the potential amount in controversy for a removed case, courts consider the potential amount as of the date of removal. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).

Beginning with Leon Hernandez's potential back pay, Black & Veatch terminated Leon Hernandez on February 25, 2025. (25-cv-02241 Doc. No. 1-2 ¶ 3.) At that time, Black & Veatch paid Leon Hernandez an hourly rate of $70.16. (25-cv-02241 Doc. No. 1-5 at 2 ¶ 4.) Black & Veatch removed the Putative Class Action to federal court on August 28, 2025. (25-cv-02241 Doc. No. 1.) This is a span of 26 weeks and 2 days. A review of Leon Hernandez's timesheets reveals that Leon Hernandez worked, on average, over 42 hours per week in the 21 weeks in which she worked for Black & Veatch. (*See* 25-cv-02241 Doc. No. 12-2 at 6–7.) Multiplying 40 hours per week by 26 weeks,[4] Leon Hernandez could have been entitled to 1,040 hours of back pay at the time the Putative Class Action was removed to federal court. (*See id.*) Multiplying 1,040 hours by an hourly rate of $70.16 Leon Hernandez could have been entitled to $72,966.40 in back pay. (*See* 25-cv-02241 Doc. No. 1-5 at 2 ¶ 4.) With this figure, Black & Veatch only needs to show that Leon

does not and need not rely on the memorandum to find that the amount in controversy threshold is satisfied. Accordingly, the Court denies as moot Black & Veatch's request for judicial notice.

[4] The Court rounds both numbers down to provide a more conservative calculation.

25-cv-02241-AJB-SBC

Hernandez could be entitled to recover $2,033.61 more to cross the $75,000.00 amount in controversy threshold.

Turning to Leon Hernandez's potential attorney fees, Black & Veatch estimates that Leon Hernandez will incur at least $30,000 in fees to litigate this matter. (25-cv-02241 Doc. No. 12 at 29–31.) In support of this estimate, Black & Veatch points out that "[c]ourts have found $300 per hour and 100 hours as reasonable and conservative for employment actions." (25-cv-02241 Doc. No. 12 at 30 (citing cases).)

Leon Hernandez does not meaningfully dispute this estimate. (*See* 25-cv-02241 Doc. No. 13 at 10.) Instead, Leon Hernandez argues that the 100-hour estimate should consider more than just "individual [California Fair Employment and Housing Act ("FEHA")] and wrongful termination claims." (*Id.* ("Defendants' assumptions regarding the number of hours needed to litigate the individual claims are not supported by any evidence.").) In other words, Leon Hernandez appears to assert that the 100-hour estimate should be applied to the litigation of all of her claims and not just her FEHA claim, which is Count Ten of the Putative Class Action. (*Id.*; *see also* 25-cv-02241 Doc. No. 1-2 ¶¶ 115–21.)

In light of Leon Hernandez's apparent concession that it is fair to estimate that the litigation of all of her claims would require at least 100 hours of work at a rate of $300 per hour, the Court agrees with Black & Veatch that Leon Hernandez is likely to incur at least $30,000.00 in attorney fees to litigate this matter. (*See* 25-cv-02241 Doc. No. 12 at 30; *see also* 25-cv-02241 Doc. No. 13 at 10.)

Under these circumstances, Black & Veatch has demonstrated by a preponderance of the evidence that Leon Hernandez could be entitled to recover at least $72,966.40 in back pay and over $30,000.00 in attorney fees, which totals more than $102,966.40. This figure exceeds the $75,000.00 amount in controversy threshold. *See* 28 U.S.C. § 1332(a).[5]

---

[5] Because the Court has diversity jurisdiction over the Putative Class Action, the Court declines to address whether it has federal question jurisdiction over the matter as well. *See, e.g.*, *Atwood v. Ft. Peck Tribal Court Assiniboine*, 513 F.3d 943, 946 n.2 (9th Cir. 2008) (explaining courts "need not determine whether an alternative basis for jurisdiction also exists.") (citation omitted). Correspondingly, Leon

**2. The Court exercises supplemental jurisdiction over the PAGA Action claim.**

Pursuant to 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Given the basis for the Court's *sua sponte* consolidation of the Putative Class Action and PAGA Action, the Court finds that the PAGA Action claim is "so related to" the Putative Class Action claims that it "form[s] part of the same case or controversy under Article III of the United States Constitution." *Id.* (*See also supra* at 4–5.)

Leon Hernandez's sole objection to the possibility of the Court exercising supplemental jurisdiction over the PAGA Action claim is based on her contention that none of the Putative Class Action claims is preempted. (*See* 26-cv-01070 Doc. No. 11-1 at 23; 25-cv-02241 Doc. No. 13 at 8–9.) Because the Court has diversity jurisdiction over the Putative Class Action claims, Leon Hernandez does not offer a compelling reason for the Court to decline supplemental jurisdiction over the PAGA Action claim. *See* 28 U.S.C. § 1367(c).

**IV.    CONCLUSION**

For the foregoing reasons, Leon Hernandez's motions to remand are **DENIED**. (25-cv-02241 Doc. No. 9; 26-cv-01070 Doc. No. 11.) Leon Hernandez must file a consolidated complaint on or before **August 7, 2026**. Black & Veatch must submit a responsive filing to the consolidated complaint on or before **August 28, 2026**.

**IT IS SO ORDERED**.

Dated:  July 17, 2026

Hon. Anthony J. Battaglia
United States District Judge

---

Hernandez's request for judicial notice of a case filing to support her federal question jurisdiction arguments is denied as moot.